JS 44  (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| OLESYA ZWICK (AKA OLESYA SHEPTYTSKA) | UNITED STATES OF AMERICA SMALL BUSINESS ADMINISTRATION |

**(b)** County of Residence of First Listed Plaintiff    BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

LAW OFFICES OF GOLD & GOLD
237 S. YORK ROAD, HATBORO, PA 19040

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❒ 1   U.S. Government
Plaintiff

❒ 3   Federal Question
*(U.S. Government Not a Party)*

❒ 2   U.S. Government
Defendant

❒ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❒ 625 Drug Related Seizure of Property 21 USC 881 | ❒ 422 Appeal 28 USC 158 | ❒ 375 False Claims Act |
| ❒ 120 Marine | ❒ 310 Airplane | ❒ 365 Personal Injury - Product Liability | ❒ 690 Other | ❒ 423 Withdrawal 28 USC 157 | ❒ 376 Qui Tam (31 USC 3729(a)) |
| ❒ 130 Miller Act | ❒ 315 Airplane Product Liability | ❒ 367 Health Care/ | | | ❒ 400 State Reapportionment |
| ❒ 140 Negotiable Instrument | ❒ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❒ 410 Antitrust |
| ❒ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ❒ 820 Copyrights | ❒ 430 Banks and Banking |
| ❒ 151 Medicare Act | ❒ 330 Federal Employers' Liability | ❒ 368 Asbestos Personal Injury Product Liability | | ❒ 830 Patent | ❒ 450 Commerce |
| ❒ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❒ 340 Marine | | | ❒ 835 Patent - Abbreviated New Drug Application | ❒ 460 Deportation |
| | ❒ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❒ 840 Trademark | ❒ 470 Racketeer Influenced and Corrupt Organizations |
| ❒ 153 Recovery of Overpayment of Veteran's Benefits | ❒ 350 Motor Vehicle | ❒ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❒ 480 Consumer Credit |
| ❒ 160 Stockholders' Suits | ❒ 355 Motor Vehicle Product Liability | ❒ 371 Truth in Lending | ❒ 710 Fair Labor Standards Act | ❒ 861 HIA (1395ff) | ❒ 485 Telephone Consumer Protection Act |
| ❒ 190 Other Contract | ❒ 360 Other Personal Injury | ❒ 380 Other Personal Property Damage | ❒ 720 Labor/Management Relations | ❒ 862 Black Lung (923) | ❒ 490 Cable/Sat TV |
| ❒ 195 Contract Product Liability | | ❒ 385 Property Damage Product Liability | ❒ 740 Railway Labor Act | ❒ 863 DIWC/DIWW (405(g)) | ❒ 850 Securities/Commodities/ Exchange |
| ❒ 196 Franchise | ❒ 362 Personal Injury - Medical Malpractice | | ❒ 751 Family and Medical Leave Act | ❒ 864 SSID Title XVI | ❒ 890 Other Statutory Actions |
| | | | | ❒ 865 RSI (405(g)) | ❒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❒ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❒ 893 Environmental Matters |
| ❒ 210 Land Condemnation | ❒ 440 Other Civil Rights | **Habeas Corpus:** | ❒ 791 Employee Retirement Income Security Act | ❒ 870 Taxes (U.S. Plaintiff or Defendant) | ❒ 895 Freedom of Information Act |
| ❒ 220 Foreclosure | ❒ 441 Voting | ❒ 463 Alien Detainee | | ❒ 871 IRS—Third Party 26 USC 7609 | ❒ 896 Arbitration |
| ❒ 230 Rent Lease & Ejectment | ❒ 442 Employment | ❒ 510 Motions to Vacate Sentence | | | ⌧ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❒ 240 Torts to Land | ❒ 443 Housing/ Accommodations | ❒ 530 General | | | |
| ❒ 245 Tort Product Liability | ❒ 445 Amer. w/Disabilities - Employment | ❒ 535 Death Penalty | **IMMIGRATION** | | ❒ 950 Constitutionality of State Statutes |
| ❒ 290 All Other Real Property | ❒ 446 Amer. w/Disabilities - Other | **Other:** ❒ 540 Mandamus & Other | ❒ 462 Naturalization Application | | |
| | ❒ 448 Education | ❒ 550 Civil Rights | ❒ 465 Other Immigration Actions | | |
| | | ❒ 555 Prison Condition | | | |
| | | ❒ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

⌧ 1   Original Proceeding
❒ 2   Removed from State Court
❒ 3   Remanded from Appellate Court
❒ 4   Reinstated or Reopened
❒ 5   Transferred from Another District *(specify)*
❒ 6   Multidistrict Litigation - Transfer
❒ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADMINISTRATIVE PROCEDURE ACT 5 U.S.C.S § 551

Brief description of cause:
REVIEW SBA DECISION TO PURSUE NON-LIABLE PLAINTIFF

## VII. REQUESTED IN COMPLAINT:

❒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND S

CHECK YES only if demanded in complaint:
JURY DEMAND:   ❒ Yes   ⌧ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:      JUDGE                          DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT              APPLYING IFP              JUDGE              MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: ___Bucks County_____

---

***RELATED CASE IF ANY:***   Case Number:_____ Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                         Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?         Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?   Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?   Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.   Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A.  Federal Question Cases:*

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts)
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Wage and Hour Class Action/Collective Action
☐  6.   Patent
☐  7.   Copyright/Trademark
☐  8.   Employment
☐  9.   Labor-Management Relations
☐  10.  Civil Rights
☐  11.  Habeas Corpus
☐  12.  Securities Cases
☐  13.  Social Security Review Cases
☐  14.  Qui Tam Cases
☐  15.  Cases Seeking Systemic Relief *see certification below*
☒  16.  All Other Federal Question Cases. *(Please specify):* Administrative Procedure Act

*B.  Diversity Jurisdiction Cases:*

☐  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify):*_____
☐  7.   Products Liability
☐  8.   All Other Diversity Cases: *(Please specify)*_____
     _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ does / ☒ **does not** have implications beyond the parties before the court and ☐ does / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

Law Offices of Gold & Gold                     Attorney for Plaintiff
Marvin H. Gold, Esquire
Attorney ID: 21200
237 S. York Road
Hatboro, PA 19040
Office: (215) 672-2458
Email: Marvin@hatborolawyer.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Olesya Zwick (aka Olesya Sheptytska)     :
8204 Grey Friars Terrace                 :
Chalfont, PA 18914                       :          Case No. 24 - 3797
    *Plaintiff*                          :
v.                                       :
                                         :
United States of America                 :
Small Business Administration            :
    *Defendant*

# COMPLAINT

Plaintiff, complaining of the Defendant, alleges and says:

## PARTIES

1.  Plaintiff Olesya Zwick aka Olesya Sheptytska ("Plaintiff") is a resident of
    Pennsylvania, residing at 8204 Grey Friars Terrace, Chalfont, PA 18914.

2.  Defendant United States of America Small Business Administration ("SBA") is a
    federal agency of the United States government with its principal office in
    Washington, D.C.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this action because this
    action arises under federal law, including the Declaratory Judgement Act, the
    Administrative Procedures Act, and the Fifth Amendment to the United States
    Constitution.

1

4.  This Court has subject matter jurisdiction over claims against the United States pursuant to *5 U.S.C.S §§ 701 & 702* and/or *28 U.S.C.S. § 1331*, which waives sovereign immunity for actions seeking relief other than money damages against federal agencies.

5.  This Court also has subject matter jurisdiction over claims against the SBA under *28 U.S.C.S. § 2671 et seq.*, *5 U.S.C.S § 551* The Federal Administrative Procedures Act (APA), and has authority to enter declaratory judgments under *28 U.S.C.S. § 2201* The Federal Declaratory Judgment Act.

6.  This Court has personal jurisdiction over the United States of America pursuant to *5 U.S.C.S §§ 701 & 702* and/or *28 U.S.C.S. § 1331*.

7.  Venue is proper in this Court because Plaintiff resides in this judicial district.

## STATEMENT OF FACTS

8.  Plaintiff was formerly married to Anthony M. Zwick ("Former Husband"), an adult individual; current residence address 121 Devon Road, Chalfont, PA 18914.

9.  Plaintiff and Former Husband were divorced on October 18, 2024.

10. Beginning in 2020, Former Husband applied for Covid-EIDL loans from the SBA for his business, AOZ Management and Consulting, Inc.

11. Former Husband electronically forged Plaintiff's signature as Guarantor on various SBA loan application documents.

12. Plaintiff did not sign any SBA loan application documents.

13. Plaintiff did not authorize Former Husband to sign her name on any SBA loan application documents.

14. Plaintiff did not authorize Former Husband to use her name on any SBA loan application documents.

2

15. Plaintiff did not consent to the SBA loan application.

16. Plaintiff did not know that Former Husband signed her name to an SBA loan application until many months after Former Husband had obtained and secreted the loan proceeds.

17. Plaintiff did not participate in the SBA loan application process in any way.

18. In the process of obtaining SBA loans, Former Husband used his business e-mail address (AOZManagement@gmail.com), his business address (1121 Mearns Road, Warminster, PA 18974), and/or an address where he does not currently reside (6086 Carversville Road, Doylestown, PA 18902) to prevent Plaintiff from knowing the full scope, amount, and/or details of the loans.

19. Plaintiff did not ratify the SBA loan application.

20. The SBA approved Former Husband's loan application and disbursed a total of $500,000 to Former Husband.

21. Plaintiff did not receive any of the $500,000 loan proceeds.

22. Plaintiff did not spend any of the $500,000 loan proceeds.

23. Plaintiff did not benefit from any of the $500,000 loan proceeds.

24. On 09/09/2025, Plaintiff received a letter from the Internal Revenue Service ("IRS") notifying her that the IRS, on  behalf of the SBA, had confiscated Plaintiff's federal income tax refund in the amount of $6,968.48 as an offset or collection against the SBA loan obtained by Former Husband as to which payments were delinquent. Attached as ***Exhibit "A"*** hereto.

25. On 03/31/2026, Plaintiff received another letter from the IRS notifying her that the IRS on behalf of the SBA, had again confiscated Plaintiff's federal income tax

3

refund, this time, in the amount of $10,795.00 as an offset or collection against Former Husband's delinquent SBA loan debt. Attached as **Exhibit "B"** hereto.

26. Neither the IRS nor the SBA provided Plaintiff with notice before confiscating her federal income tax refunds.

27. Neither the IRS nor the SBA provided Plaintiff with an opportunity to be heard before confiscating her federal income tax refunds.

28. Plaintiff did not learn that the IRS/SBA had confiscated her federal income tax refunds until *after* the confiscations had occurred.

29. Plaintiff has not had the opportunity to contest the confiscations or to present evidence that she is not liable for the loans.

30. Plaintiff seeks to prevent the SBA from confiscating her future federal income tax refunds and to prevent this SBA loan, fraudulently obtained by Former Husband, from continuing to degrade her credit rating.

31. Plaintiff seeks a declaration that she has no obligation to the SBA with respect to the AOZ Management and Consulting, Inc. loans obtained by her Former Husband.

## CLAIMS FOR RELIEF

### COUNT I:

**Declaratory Judgment against the
United States of America Small Business Administration,
pursuant to 5 U.S.C.S. §§ 701 & 702 and/or 28 U.S.C.S. § 1331**

32. Plaintiff repeats and incorporates the allegations set forth in the preceding paragraphs 1-31 as if fully set forth herein.

33. An actual controversy exists between Plaintiff and the SBA regarding Plaintiff's liability on the loans.

4

34. The SBA has confiscated Plaintiff's federal income tax refunds on two separate occasions as collection or offset against the delinquent SBA loan debt.

35. The SBA's actions demonstrate that the SBA believes Plaintiff is liable on the loans.

36. Plaintiff disputes that she is liable on the loans.

37. The controversy is real, substantial, and capable of judicial resolution.

38. Plaintiff has standing to demand a declaration of her rights.

39. Plaintiff has suffered concrete injury in the form of confiscation of her federal income tax refunds and damage to her credit rating.

40. Plaintiff's injury is fairly traceable to the SBA's actions.

41. Plaintiff's injury would be appropriately redressed by a favorable decision declaring that she is not liable on these loans.

42. Plaintiff did not sign the loan applications.

43. Former Husband electronically forged Plaintiff's signature on the loan applications.

44. Plaintiff did not authorize the use of her name on the loan applications.

45. Former Husband used Plaintiff's name without her knowledge, consent or ratification.

46. Plaintiff did not receive any of the loan proceeds.

47. The SBA disbursed $500,000 to Former Husband, not to Plaintiff.

48. Plaintiff did not benefit from the loan proceeds.

49. Plaintiff did not spend any of the loan proceeds.

50. Plaintiff has evidence that the electronic signature on the loan application is not hers.

51. Plaintiff has no legal obligation to repay the loan.

5

52. Under the principles of contract law, a person is not bound by a contract that she did not sign or authorize.

53. Under the principles of agency law, a person is not bound by the unauthorized acts of another person purporting to act on her behalf.

54. Because Plaintiff did not sign the loan applications, did not authorize the loans, did not receive or benefit from the loan proceeds, and did not know the loans were being applied for, Plaintiff has no legal obligation to repay the loan.

55. Plaintiff has made demand on the SBA to cease collection efforts against her; however, the SBA has refused to acknowledge that Plaintiff is not liable on the loans.

*WHEREFORE,* Plaintiff seeks a Declaratory Judgment that the SBA has no valid claim against Plaintiff, and the SBA is not permitted, with or without the assistance of the Internal Revenue Service and/or the United States Treasury to confiscate any income tax refunds or other property of Plaintiff.

## COUNT II :

### Violation of the Administrative Procedure Act ("APA"), 5 U.S.C.S. §551 and §701-706

56. Plaintiff repeats and incorporates the allegations set forth in the preceding paragraphs 1-55 as if fully set forth herein.

57. The SBA took agency action.

58. The SBA confiscated Plaintiff's federal income tax refunds on two separate occasions.

59. The confiscation of Plaintiff's tax refunds constitutes agency action within the meaning of the Administrative Procedure Act.

60. The agency action was final.

6

61. The SBA's confiscation of Plaintiff's tax refunds directly affected Plaintiff's rights.

62. No further agency action was required to complete the confiscation.

63. The confiscation was a final agency action within the meaning of APA.

64. Plaintiff was adversely affected by the agency action.

65. Plaintiff lost her federal income tax refunds as a result of the SBA's actions.

66. Plaintiff is a person adversely affected or aggrieved by the agency action of the SBA.

67. The agency action was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

68. The SBA confiscated Plaintiff's tax refunds without first establishing that Plaintiff is liable on their loan.

69. The SBA has no legal basis to confiscate Plaintiff's tax refunds because Plaintiff is not liable for the SBA loan.

70. The SBA's confiscation of Plaintiff's tax refunds was arbitrary and capricious because it was based on the erroneous assumption that Plaintiff is liable for the SBA loan which she did not sign or authorize.

71. The SBA's confiscation of Plaintiff's tax refunds was not in accordance with law because it violated Plaintiff's due process rights by depriving her of property without notice and an opportunity to be heard.

72. The SBA failed to conduct an adequate investigation before confiscating Plaintiff's tax refunds, ignored evidence that Plaintiff's electronic signature was forged, and failed to provide Plaintiff with any administrative process to challenge the confiscation.

73. The is not any other adequate remedy at law.

7

74. Plaintiff needs prospective relief to prevent future confiscations of her tax refunds and continuing harm to her credit rating.

75. The administrative process has not provided Plaintiff with relief.

76. Judicial review under the APA is Plaintiff's only adequate remedy.

*WHEREFORE,* Plaintiff seeks a Declaratory Judgment that the SBA has no valid claim against Plaintiff, and the SBA is not permitted, with or without the assistance of the Internal Revenue Service and/or the United States Treasury to confiscate any income tax refunds or other property of Plaintiff.

## COUNT III:

### Violation of Fifth Amendment Due Process Rights

77. Plaintiff repeats and incorporates the allegations set forth in the preceding paragraphs 1-76 as if fully set forth herein.

78. Plaintiff has property interests protected by the Fifth Amendment to the United States Constitution.

79. Plaintiff has a property interest in her federal income tax refunds.

80. Federal income tax refunds are property within the meaning of the Fifth Amendment.

81. The government deprived Plaintiff of her property interest.

82. The SBA confiscated Plaintiff's federal income tax refunds on two separate occasions.

83. By confiscating Plaintiff's tax refunds, the SBA deprived Plaintiff of her property.

84. The deprivation occurred without adequate due process.

85. The SBA did not provide Plaintiff with notice before confiscating her tax refunds.

8

86. Plaintiff did not know that the SBA intended to confiscate her tax refunds until those confiscations occurred.

87. The SBA did not provide Plaintiff with an opportunity to be heard before confiscating her tax refunds.

88. Plaintiff did not have an opportunity to contest the confiscations before they occurred.

89. Plaintiff did not have an opportunity to present evidence that she is not liable on the loans before the SBA confiscated her tax refunds.

90. The basic elements of procedural due process include adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal.

91. The SBA's confiscations of Plaintiff's tax refunds without notice and without an opportunity to be heard violated these basic elements of procedural due process.

92. Had Plaintiff been given notice and an opportunity to be heard, she would have presented evidence that her signature on the loan applications was forged, that she did not authorize the loan, that she did not receive the loan proceeds, and the SBA would have been unable to establish that Plaintiff is liable on the loan.

93. Plaintiff suffered harm as a result.

94. Plaintiff lost her federal income tax refunds as a result of the SBA's unconstitutional deprivation of her property without due process.

95. Plaintiff has been deprived of the use and benefit of her tax refunds.

96. Plaintiff faces the threat of future deprivations of her property without due process if the SBA is not enjoined from confiscating her future tax refunds or other property of Plaintiff.

*WHEREFORE*, Plaintiff seeks a Declaratory Judgment that the SBA has no valid claim against Plaintiff, and the SBA is not permitted, with or without the assistance of the Internal Revenue Service and/or the United States Treasury to confiscate any income tax refunds or other property of Plaintiff.

## COUNT IV:

### Injunctive Relief (against Defendant United States of America)

97. Plaintiff repeats and incorporates the allegations set forth in the preceding paragraphs 1-96 as if fully set forth herein.

98. Plaintiff has substantial likelihood of success on the merits.

99. The SBA's offset to Plaintiff's tax refunds was arbitrary, capricious and not in accordance with law.

100. The SBA's offset of Plaintiff's tax refunds violated Plaintiff's Fifth Amendment due process rights.

101. Plaintiff is likely to prevail on her claims for declaratory judgment, violation of the APA, and violation of the due process rights.

102. Plaintiff will suffer irreparable harm, absent an injunction.

103. If the SBA is permitted to continue confiscating Plaintiff's federal income tax refunds, Plaintiff will continue to lose her property without due process.

104. The loss of property without due process constitutes irreparable harm

105. Plaintiff cannot be adequately compensated by money damages for the ongoing violation of her constitutional right because future harm cannot be calculated.

106. Plaintiff faces imminent threat of future confiscations to her tax refunds.

107. Without an injunction, Plaintiff will suffer continuing and irreparable harm.

108. The balance of equities favors Plaintiff.

10

109. The SBA is attempting to collect a debt from a person who is not liable on the debt.

110. Plaintiff did not sign the loan applications, did not authorize the loans, and did not receive the loan proceeds.

111. It would be inequitable to permit the SBA to continue collecting from Plaintff when she has no legal obligation to repay the loan.

112. Plaintiff is losing her rightful property as a result of the SBA's unlawful action.

113. The harm to Plaintiff from the continued offset and confiscation or her tax refunds outweighs any harm to the SBA from being enjoined from collecting a debt from a person who is not liable on the debt.

114. An injunction is in the public best interest.

115. It is in the public interest to prevent the government from taking property from persons who are not legally obligated to  pay debts to the government.

116. It is in the public interest to ensure that due process is carried out correctly.

WHEREFORE, Plaintiff  seeks a Declaratory Judgment that the SBA has no valid claim against Plaintiff, and the SBA is not permitted, with or without the assistance of the Internal Revenue Service and/or the United States Treasury to confiscate any income tax refunds or other property of Plaintiff.

Respectfully Submitted,

Marvin H. Gold, Esquire
Attorney for Plaintiff

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Olesya Zwick (aka Olesya Sheptytska)  :
8204 Grey Friars Terrace                    :
Chalfont, PA 18914                          :          Case No. _____
     *Plaintiff*                             :
     v.                                         :
                                                :
United States of America                    :
Small Business Administration               :
     *Defendant*

## VERIFICATION

I, Olesya Zwick (aka Olesya Sheptytska) verify that the facts set forth in the foregoing *Complaint* are true and correct to the best of my knowledge, information, and belief.

I understand that any false statements made herein would be subject to the penalties of 18 PA C. S. § 4904 relating to unsworn falsification to authorities.

Date: Jun 2, 2026 _____

*Olesya Sheptytska*

_____
**OLESYA SHEPTYTSKA, aka Olesya Zwick**

12

# Complaint against SBA-final

Final Audit Report                                                    2026-06-02

| | |
|---|---|
| Created: | 2026-06-02 |
| By: | Marvin Gold (robin@hatborolawyer.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAjULLf3–GnzjAXVAJmkgJpaOOnvXy4cD |

## "Complaint against SBA-final" History

📑 Document created by Marvin Gold (robin@hatborolawyer.com)
2026-06-02 - 4:06:12 PM GMT- IP address: 100.34.54.20

📧 Document emailed to Olesya Zwick aka Olesya Sheptytska (osheptytska@gmail.com) for signature
2026-06-02 - 4:06:17 PM GMT

📑 Email viewed by Olesya Zwick aka Olesya Sheptytska (osheptytska@gmail.com)
2026-06-02 - 5:33:09 PM GMT- IP address: 192.178.11.96

✍️ Document e-signed by Olesya Zwick aka Olesya Sheptytska (osheptytska@gmail.com)
Signature Date: 2026-06-02 - 6:05:53 PM GMT - Time Source: server- IP address: 166.196.82.86 - Signature Appearance Selected: MOBILE_IMAGE

✅ Agreement completed.
2026-06-02 - 6:05:53 PM GMT

📄 **Adobe Acrobat Sign**